Cartter, C. J.,
delivered the opinion of the court:
This case is certified here by the justice holding the June term of the criminal court. The record shows the criminal indicted by the grand jury for the offense of stealing a United States Treasury note of the denomination of one dollar, and of the value of one dollar; also one national-currency note *150 of the denomination of one dollar, and of the value of one dollar. To the indictment, upon being arraigned, the defendant pleads specially that this court ought not to take cognizance of the offense, for want of jurisdiction, inasmuch as Congress, by the act creating the police court of the District of Columbia, approved January 17, 1870, vested in that court the original and exclusive jurisdiction of the offense. Upon this plea the Government takes issue, and out of this issue springs the single question, Has the criminal court any longer original jurisdiction of the offense of petit larceny ?
The act creating the police court provides, among other things, that the court by it created shall have original and exclusive jurisdiction of all offenses against the United States, committed in the District of Columbia — that is- to say, all simple assaults and batteries, and all other misdemeanors not punishable by imprisonment in the penitentiary.
The first section reads as follows:
“That there shall be established in the District of Columbia a court to be called the police court of the District of Columbia, which shall have original and exclusive jurisdiction of all offenses against the United States committed in the District of Columbia, not deemed capital or otherwise infamous crimes; that is to say, of all simple assaults and batteries, and all other misdemeanors not punishable by imprisonment in the penitentiary; and of all offenses against any of the ordinances of the city of Washington,” &c.
If there be nothing essential in the offense of petit larceny to distinguish it from other petit offenses, or misdemeanors not punishable by imprisonment in the penitentiary, the language of the act is conclusive of the question, as it does in express terms vest the original and exclusive jurisdiction in the police court over all offenses not infamous, and not punishable by imprisonment in the penitentiary.
The fourth section of the act of Congress, providing for the punishment of certain crimes in the District of Columbia, approved February 22, 1867, enacts “that, if any person shall steal any money or other goods and chattels of any kind whatever of less value than thirty-five dollars, the property of another, or shall steal or maliciously destroy any bank-bill, promissory note, bill of exchange, order, warrant, draft, check, *151 or bond, or any accountable receipt for money, given for the payment or acknowledgment of any sum under thirty-five dollars, or any United States Treasury note or Government stamps of less value than thirty-five dollars, the property of another, * * every such person so offending, on conviction thereof, shall make restitution to the party injured in twofold the value of the property stolen or destroyed, and be fined in any sum not exceeding two hundred dollars, or shall be imprisoned in the jail of said District for any time not exceeding six months, pr both, at the discretion of the court.
This act, it will be observed, fixes the punishment for the offense, making the punishment fall below imprisonment in the penitentiary; and, as far as punishment can classify the .offense, associates it with misdemeanors. In the very act punishing the offense it is made companion of malicious mischief in the destruction of another man’s property, an offense •always regarded as a misdemeanor. From the two acts before us, read in the light of each other — the one creating a tribunal for the punishment of all offenses where the penalty falls short of the penitentiary, and the other establishing a penalty terminating this side of the penitentiary — we have the judgment of the law-maker, falling little short of express declaration, that the offense under consideration is made a simple misdemeanor. If the law-maker did so intend, and the intention is reasonably expressed, the consideration of .the subject might end here.
The power of Congress to reduce a pre-existing felony to the proportion of a misdemeanor 'exists unquestioned in all cases where the penalty is not fixed by the Constitution.
It is, nevertheless, urged, under the authority of the fifth amendment of the Constitution, that Congress has not the power to dispense with indictment in the process of punishment in this offense, if the offense was infamous. This proposition involves a confusion of ideas. Congress clearly has not the power to dispense with a grand jury in the punishment of crimes made infamous. It is equally clear that they have the power to reduce a crime from the grade of infamy to misdemeanor in all cases where the Constitution does not prescribe the punishment, and pronounce the infamy. It is this, and this only, that they have done. These views of the sub *152 ject presuppose that petit larceny was an infamous crime at the time Congress interposed by these acts to deal with the-offense, a proposition of more than doubtful character.
If the infamous character of the offense is to be determined by the popular sense, clearly larceny, in any of its grades, will be deemed infamous, and the same judgment will attach to most other trangressions of the penal law, whatever their grade, from offenses visited with capital punishment down to misdeeds punishable with pecuniary penalties and imprisonment in the common jail.
Infamy in the proper sense, and infamy which will exclude the offender from the confidence and companionship of honest men, may attach, and does attach, more or less, to any and all transgressions of the law. In this sense, aman may make himself infamous, to his exclusion from the confidence and respect of the public, as a common liar, an offender against common decency, or the victim of vices that simply devour himself.
It follows that, to adopt this standard of judgment in the forum of justice, would necessarily obliterate the moral distinction between felonies and misdemeanors, penitentiaries and the jails. If this standard of judgment is not allowable, as obviously it cannot be, we are referred to the legal classification of the crime for the measure of infamy. And, in the outset,, let me say that legal infamy is not to be judicially implied.
If a crime be infamous, it is by reason of being in some form-so declared by law. Nothing is more obnoxious to the sense of public justice, and especially as administered under the genius of our institutions, than inferential penalties.
While it will be found by a review of legal authorities bearing upon this question that great uncertainty obtains with reference to an accurate distinction between felonies and misdemeanors — crimes infamous and offenses of a lower grade —it may safely be assumed as a rule of judgment that a crime to be deemed infamous must, in some form, be expressly so-declared.
The mode of expressing legally the infamy of a crime in this country may vary. The almost universal method or determining the infamy of a crime in the several States in this Union, is by the express declaration of the legislatures of the-. *153 several States; adopting the wall of the penitentiary as the wall between the offenders made infamous and the offenders left to be tolerated by the law outside of the penitentiary.
Another mode which we inherit from the civil law is that which embraces offenses entitled "crimen in falsi,” a class of crimes implying a pervading rottenness of character.
The offense we have before us is embraced in neither of these classes. It is not declared infamous by the law-maker, or necessarily infamous in its nature.
A review of the history of this offense, and its punishments, discloses the fact that at an early period it was made felony at common law, and even when the Parliament of Great Britan separated it from grand larceny, by mitigating its punishment, it was made to maintain its felonious character by perpetuating the forfeiture of the offender’s goods, the only badge of felony left in its punishments.
With the disappearance of such forfeiture disappeared the distinctive feature of this offense as a felony. That peculiar penalty passed away with the sovereignty of Great Britain over the colonies, and is in no sense applicable to the definition of the offense within this jurisdiction, inasmuch as the law-maker has not seen fit to make it so.
To hold the doctrine that a crime once made infamous must “continue to be so regarded by the law, would be to adopt the unalterable condition of the law as the rule of interpretation — a conclusion at war with the enlightened progress of civil government.
If there is one rule more manifest than another, it is the mitigation of punishment for public offenses, advancing with the march of Christianity and moral refinement from the point where all offenses were indiscriminately punished with death to the mildest penalty consistent with the protection of the public and the reformation of the offender.
The infamy of an offense under the law, which rests in legislative authority, as expressed in the penalty of the law, may change, and necessarily does change, the penalty of the law. To make that penalty infamous, it must pronounce against the offender a degradation from his civil rights as a citizen, the right of franchise, the right of giving testimony, or some other .civil or political right existing in the privileges *154 of citizenship. In the absence of such forfeiture, the crime may not be deemed legally infamous unless it is so expressly pronounced 5 and, if thus pronounced, it entails these consequences.
If this view be correct, the offense at issue was not, at the date of the passage of these acts, an infamous offense in the contemplation of the Constitution, and Congress was dealing with a simple misdemeanor.
In view of the whole question, the Court are of opinion that original jurisdiction of the offense is properly committed to the police court, and if the case comes here it must come by appeal, as prescribed by law.